# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CASCADE FUNDING MORTGAGE
TRUST HB7

NO.  2023 CW 1326

VERSUS

PAGE 1 OF 2

THE OPENED SUCCESSION OF
THOMAS W. KLEINPETER AND THE
OPENED SUCCESSION OF DOROTHY
B. KLEINPETER (A/K/A DOROTHY
NELL BURT, DOROTHY NELL
KLEINPETER)AND JOHN B.
KLEINPETER AND SUSAN K.
FREMIN GRAVOIS

**MARCH 25, 2024**

---

In Re:    John Kleinpeter in his capacity as Executor of the
          Estates of Dorothy and Burt Kleinpeter, applying for
          supervisory writs, 17th Judicial District Court,
          Parish of Lafourche, No. 133325.

---

**BEFORE:    McCLENDON, WELCH, AND HESTER, JJ.**

   **WRIT GRANTED.**  The trial court's November 6, 2023 ruling
overruling the evidentiary objections of defendants, John
Kleinpeter, individually and as representative of the Succession
of Thomas W. Kleinpeter and Succession of Dorothy B. Kleinpeter
("Kleinpeters"), and granting plaintiff's, Cascade Funding
Mortgage Trust HB7's ("Cascade"), "Motion to Set Aside
Abandonment" and, alternatively, "Motion to Amend Order" is
reversed.   In a motion to strike, and at the hearing on
Cascade's Motion to Set Aside Abandonment, the Kleinpeters
objected to admission of an affidavit by Gina Feezer ("Feezer
Affidavit") and attachments thereto as inadmissible hearsay.
This court has explained that "[a] sworn affidavit is considered
hearsay and is, therefore, not competent evidence unless it is
specifically authorized by statute." **Reyer v. Milton Homes,
LLC,** 2018-0580 (La. App. 1st Cir. 2/25/19), 272 So.3d 604, 609.
A hearing on a motion to set aside dismissal on the basis of
abandonment is a contradictory hearing wherein the plaintiff
must produce evidence as to why the order of dismissal shall not
be set aside. **Hancock Bank of Louisiana v. Robinson,** 2020-0791
(La. App. 1st Cir. 3/11/21), 322 So.3d 307, 311; La. Code Civ.
P. art. 963.   There is no statutory authority permitting the
admission of an affidavit at a hearing on a motion to set aside
dismissal on the basis of abandonment.   Therefore, the trial
court abused its discretion by overruling the Kleinpeters'
objection and admitting the Feezer Affidavit and the attachments
thereto into evidence.   Furthermore, considering the absence of
admissible evidence in support of Cascade's motion to set aside
abandonment, we find that the trial court erred by granting
Cascade's motion and setting aside the dismissal. See **BAC Home
Loans Servicing, LP v. Louis,** 2020-0717 (La. App. 1st Cir.
5/13/21), 326 So.3d 904, 909.  Accordingly, we deny the portion
of Cascade's motion seeking to set aside the trial court's
December 13, 2022 judgment of dismissal.  However, in its motion
to set aside dismissal, Cascade alternatively requested that the
trial court amend its December 13, 2022 judgment dismissing
Cascade's suit with prejudice to state that the dismissal is

without prejudice.  When a suit is dismissed under La. Code Civ. P. art. 561(A)(3), the dismissal is without prejudice.  **Johnson v. Am. Bell Fed. Credit Union,** 2014-2551 (La. 3/27/15), 164 So.3d 182 (per curiam).  Therefore, we grant the portion of Cascade's motion seeking amendment of the December 13, 2022 judgment.  The December 13, 2022 judgment is amended to state the dismissal is without prejudice.

**PMC**
**JEW**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT



_____
DEPUTY CLERK OF COURT
FOR THE COURT